be such as produced the supposed balance for which he gave his said note; and this defendant, ignorant at the time, and until recently, as aforesaid, continuing ignorant of the error and misrepresentation of said executors, trusted implicitly to their statement and calculation of the amount of such purchase-money; and, under such ignorance, gave his said note," &c. He admits the true balance, for which he ought to have given his note to be $1,406.67, instead of $1,748.15. He avers that the said written contract of 27th of June, 1827, is the true, genuine, and only contract of sale for the said lots, and expresses the true and only terms of the contract.

The question submitted to the court, is, whether the defendant, under that contract, was chargeable with a proportion of the alleys in that square.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

CRANCH, Chief Judge, delivered the opinion of the court.

The memorandum of the 23d of November, is signed by Daniel Brent only, and not by the defendant; it is therefore void as to the defendant, under the statute of frauds. It is not produced as an exhibit by either party. Mr. W. Brent testifies that the defendant agreed to pay for the proportion of the alleys; but no parol evidence can be admitted to vary the contract under seal. That written contract recites a former verbal agreement, and so far as it recites it, and no further, is it evidence of such previous agreement. It cannot be extended by parol evidence. The written agreement of the 27th of June, 1827, must be considered as the only contract of sale; and that says nothing of the alleys. I think, therefore, that the note must be considered as having been given, if not by misrepresentation, yet by mistake. The case of Pratt v. Campbell [9 Cranch (13 U. S.) 456] has decided that the purchaser by the square foot is not bound to pay for the proportion of the alleys, where there is no special agreement to that effect. Decree accordingly.

BRENT (THOMAS v.). See Case No. 13,-893.

BRENT (UNITED STATES v.). See Cases Nos. 14,639 and 14,640.

## Case No. 1,842.

BRENT v. VENABLE.

[3 Cranch, C. C. 227.][1]

Circuit Court, District of Columbia. Dec. Term, 1827.

PRACTICE—FILING PAPERS AND PLEADINGS.

The complainant in equity may file exceptions to the defendant's answer, although two

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

months have expired after the answer was put in; if the defendant has not left a rule to reply with the clerk of the court.

In equity, a question arose whether the complainant's exceptions to the defendant's answer were filed in due time, and should be received. They were filed more than two months after the answer was put in; but before the defendant had left a rule to reply, with the clerk of the court, according to the 13th rule of practice established by the supreme court of the United States, for the circuit courts, which is as follows: "Rule 13. The complainant shall put in the general replication, or file exceptions within two calendar months after the answer shall have been put in. If he fails so to do, the defendant may leave a rule to reply, with the clerk of the court, which being expired, and no replications or exceptions filed, the suit may be dismissed with costs; but the court may, for cause, order the same to be retained, on payment of costs." "Rule 17. Rules to plead, answer, reply, rejoin, or other proceedings not before particularly mentioned, when necessary, shall be given from month to month with the clerk in his office."

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that the exceptions were filed in time, and ought to be received.

BRENTS (CARRINGTON v.). See Case No. 2,446.

## Case No. 1,843.

BREST v. SMITH.

[5 Biss. 62.][1]

Circuit Court, D. Wisconsin. April Term, 1860.

INSOLVENCY — DISCHARGE UNDER INSOLVENT LAW —EFFECT—JUDGMENTS—ACTION ON.

1. A New York judgment creditor, who has re-sued his judgment in the state court of Wisconsin, but also joined in insolvency proceedings in New York, cannot maintain a suit in the federal court on his Wisconsin judgment.

2. The discharge bars the New York judgment, and the other is dependent upon it.

[At law. Action by Friend Brest against John N. Smith on a judgment. Judgment for defendant.]

MILLER, District Judge. This suit is upon a judgment record from the circuit court of Rock county in this state. That suit was upon a judgment record from the state of New York. The defendant pleads a discharge from his debts by an order of the county court in the state of New York on the petition of a majority of his creditors, in which the plaintiff, residing there and being a citizen of the state, joined. The petitioner, Smith, returned the judgment in the state of New York, making no mention of the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]